PETER MOHR, APPELLANT, V. ANTONIA MOHR ET AL., APPELLEES.

FILED APRIL 23, 1908. No. 15,078.

1. **Divorce:** PROCEDURE. In the trial of a divorce case the court should exercise a sound legal discretion in matters of procedure as well as in the consideration of the evidence adduced, and in the exercise of such discretion may require such notice of its orders from time to time as are necessary to a full and open presentation of the case by both parties thereto.

2. ————: DECREE: CONCLUSIVENESS. Where a husband and wife, living in different states or jurisdictions, have each commenced against the other a suit for divorce, and in the first suit called for trial both parties appear in person and by attorneys, and, upon issues duly joined, litigate their disputes and grievances to a final decree in said suit, and the court enters a decree of absolute divorce, and said decree is not appealed from, the marriage relation theretofore existing between the parties is completely severed, and the unsuccessful party is without standing to proceed in the suit pending in said other state or jurisdiction.

3. ————: ————: SETTING ASIDE. And if said unsuccessful party proceeds in such other jurisdiction, and obtains a decree of divorce and judgment for alimony, without notice to the other party,

upon perjured evidence and without advising the court of such prior divorce, such action constitutes a fraud upon the court as well as upon the other party to the suit, for which a court of equity should set aside said decree and permit the defendant in such suit to appear and defend the same.

4. Petition examined, and *held* to state a good cause of action for equitable relief.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE. *Reversed.*

*George E. McConley* and *Boyle & Eldred,* for appellant.

*J. W. Cole, contra.*

FAWCETT, C.

The defendant, Antonia Mohr, as plaintiff in an action in the district court for Hitchcock county, on an *ex parte* hearing, obtained a decree of divorce and a judgment for alimony against the plaintiff herein. Plaintiff thereupon brought this suit to set aside said decree on the ground that it had been obtained by fraud and perjury. Briefly stated, his petition alleges that on the 9th day of January, 1905, he commenced an action in the county court of Morgan county, Colorado, against the defendant to secure a divorce; that defendant was personally served with summons in said action, and filed an answer and cross-petition therein, in and by which she prayed for a divorce from the plaintiff and for alimony; that on the 9th day of April, 1906, a trial was duly had before said court, the same being a court having jurisdiction of such causes, and a jury, and, the jury having found the issues in favor of the plaintiff, a decree was by said court, on said date, entered in said action dissolving the marriage relation between the plaintiff and the defendant, and denying the defendant any relief for alimony; that on the 9th day of March, 1906, while the said action was pending in the county court of Morgan county, Colorado, the defendant commenced an action against the plaintiff in the district

court for Hitchcock county, Nebraska, for a divorce and for alimony; that the plaintiff, relying upon the decree so rendered by the Colorado court, and believing that the district court for Hitchcock county, Nebraska, could not and would not render any decree against him in the action there pending, without proof of the existence of the marriage relation between plaintiff and defendant, and believing and assuming that the defendant would not commit perjury therein nor wrongfully and falsely mislead and deceive the court in the trial of said cause, was not in attendance upon said court at the time of the rendition of the decree complained of, and did not know of the rendition of said decree until after the adjournment of the term at which said decree was rendered. The petition does not set forth what notice the plaintiff had of the pendency of the Hitchcock county suit, but it may be assumed that the service therein, if any, was a substituted service, for the reason that his residence was in the state of Colorado. It is alleged, however, in the petition that the plaintiff filed a special appearance in said action. It is further alleged that on the 16th day of April, 1906, the defendant caused plaintiff's special appearance to be overruled and default to be entered in said action against him; that she immediately proceeded to trial *ex parte*, and obtained the decree of divorce and the judgment for alimony complained of. It is further alleged that the defendant testified on the trial of said cause in Hitchcock county that the relation of husband and wife, at that time, still existed between herself and the plaintiff herein; that said Antonia Mohr well knew said testimony to be false, fraudulent and perjured; and a new trial was prayed for. A general demurrer was sustained to plaintiff's petition, and, he not desiring to amend, a judgment was rendered dismissing his action, from which judgment this appeal is prosecuted.

Plaintiff contends that the court erred in sustaining the demurrer to his petition, for the reason that the facts stated therein bring the case within the rule announced

in *Munro v. Callahan*, 55 Neb. 75. In that case we held: "Where it appears that the judgment depends for its support upon the (perjured) evidence of the successful party given at the trial, and that the defeated party has a valid defense which he was prevented from establishing by reason of such perjury, and where he has been guilty of no negligence and has exhausted all his ordinary legal remedies for obtaining a vacation of such judgment, then equity, in a proper proceeding, will vacate such judgment and grant the defeated party a new trial of the action." The petition alleges that the district court for Hitchcock county would not have rendered a decree of divorce and a judgment for alimony against the plaintiff if the defendant herein had not committed perjury by testifying that the relation of husband and wife then existed between the parties to said action; that by giving such testimony the defendant perpetrated a fraud upon the court, and by such perjury, fraud and deceit induced the court to render a judgment which it otherwise would not have pronounced. According to the well-established rules of equity, it was not only proper for the district court, but it was its duty, upon being advised by plaintiff's petition of the fraud and deceit that had been practiced by the successful party, to set aside the judgment thus obtained and award the plaintiff a new trial.

It is said by counsel for the defendant that plaintiff was guilty of laches in not pleading the judgment of the Colorado court in bar to defendant's action, and that, because of such neglect, he is not entitled to any relief in the present suit. It seems to us that this contention is not well founded. When the plaintiff was advised of the commencement of the defendant's action in Hitchcock county, he, for some alleged defect in the service, which is not fully disclosed by the record before us, filed a special appearance objecting to the jurisdiction of the court. The defendant, having joined issue with him in his action which was then pending in a court of competent jurisdiction in the state of Colorado, and having proceeded to a trial

upon the merits of said action, was bound by the judgment entered therein, and, so far as appears, she led him to believe that she acquiesced in such judgment, for no appeal therefrom was ever prosecuted by her. We think, therefore, that plaintiff had a right to rely upon his belief that the Colorado judgment settled all of the matters in controversy, and that no further proceedings would be taken by defendant in the district court for Hitchcock county. The defendant, however, without giving him any notice of her intention to further press that suit, hastened to Hitchcock county, and induced the district court to overrule plaintiff's special appearance and objections to its jurisdiction, had his default entered therein, immediately proceeded to trial, and, by the perjury and fraud alleged and set forth in the plaintiff's petition, obtained the decree, which is here complained of. It would seem that, having overruled the plaintiff's objections to its jurisdiction, the district court for Hitchcock county should have allowed a reasonable time to answer the petition in that action, and notice should have been given him, so that he might have made his defense thereto. This not having been done, it is apparent that plaintiff never had any reasonable opportunity to plead the decree of the Colorado court as a bar to the defendant's action. In our opinion, therefore, plaintiff has not been guilty of such laches or negligence as renders it necessary to deny him the relief prayed for in this action. Judgments obtained in the manner and by the means resorted to by the defendant in this action should not be allowed to stand; especially so in divorce proceedings, where not only the rights of the parties, but the right of the state, which is committed to the policy of the preservation of the marriage relation and the denial of divorces unless granted upon due notice and substantial grounds, are involved. We think that this case should be ruled by *Munro v. Callahan, supra;* that the allegations of the plaintiff's petition are sufficient to entitle him to the relief prayed for; and that the demurrer thereto should have been overruled.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony therewith.

REVERSED.